IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **REDSTONE LOGICS LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **NXP SEMICONDUCTORS N.V., NXP B.V., AND NXP USA, INC.** <br><br> Defendants. | NO. 7:24-cv-00028-DC-DTG |

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE OF
DEFENDANTS NXP SEMICONDUCTORS N.V. AND NXP B.V.**

WHEREAS Plaintiff Redstone Logics LLC ("Redstone") and Defendants NXP Semiconductors N.V., NXP B.V., NXP USA, Inc., (collectively, "the NXP Defendants") disagree about whether the Complaint properly asserts the existence of personal and subject matter jurisdiction over Defendants NXP Semiconductors N.V. and NXP B.V. in this action; and

WHEREAS the parties have nevertheless agreed to the dismissal without prejudice of these two Defendants under the conditions set forth in this stipulation;

Redstone and the NXP Defendants hereby stipulate, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), to dismiss Defendants NXP B.V. and NXP Semiconductors N.V. from this action without prejudice and subject to the following conditions:

1. Defendants NXP Semiconductors N.V. and NXP B.V. represent that they are securities and IP holding companies, respectively, that they are not operating entities that manufacture and distribute commercial quantities of semiconductors, that they do not employ engineering or sales personnel, and that they do not make, use, offer to sell, or sell in the United

States or import into the United States any products, including any of the accused products identified in the Complaint. The Court in *MIMO Research, LLC v. NXP Semiconductors N.V., et al.*, (W.D. Texas Case No 6:22-CV-00501-ADA) made a number of findings of fact that are reflected in Docket 70, attached hereto as Exhibit 1.

2. Defendant NXP USA, Inc. represents that it books substantially all relevant revenues, costs, and profits for United States sales of products accused in the Complaint and that it can pay any judgment.

3. For the purposes of discovery in this action only, NXP USA, Inc., NXP Semiconductors N.V., and NXP B.V. agree that, to the extent not otherwise available from NXP USA, Inc. and otherwise discoverable in the litigation if NXP B.V. and NXP Semiconductors N.V. remained parties to this Action, NXP B.V.'s and NXP Semiconductors N.V.'s discoverable information, witnesses, and documents, if any, shall be deemed in the possession, custody, or control of NXP USA, Inc., but only to the extent relevant to this litigation.

4. If Redstone determines that later discovered information or discovery reveals that NXP Semiconductors N.V. or NXP B.V. should be joined to this action, Defendants agree that Redstone may seek joinder of either party and NXP USA, Inc. will not oppose joinder based on waiver, estoppel, or other such ground. In such event, Redstone and NXP B.V. and NXP Semiconductors N.V. stipulate that NXP B.V. and NXP Semiconductors N.V. do not waive and has not waived their right to contest personal jurisdiction or any other Rule 12 challenge.

5. Redstone and NXP USA, Inc. agree to meet and confer in good faith to resolve any objections consistent with the above agreement, including objections to the nature or scope of any requests for documents, information, testimony, or any other discoverable matter.

6.	Redstone, NXP Semiconductors N.V., and NXP B.V. agree that the dismissals stipulated to herein should not be considered when determining the applicability of any "two dismissal rule" under Federal Rule of Civil Procedure 41.

In light of the above stipulations, Redstone and the NXP Defendants stipulate that Defendants NXP Semiconductors N.V. and NXP B.V. be dismissed without prejudice from this action, with Redstone and the dismissed Defendants bearing their own costs and fees.

May 15, 2024                                              Respectfully submitted,

By:   */s/ Christian W. Conkle*                           By:   */s/ Eric C. Green*
Reza Mirzaie
CA State Bar No. 246953                                   Richard S. Zembek (SBN 00797726)
Marc A. Fenster                                           richard.zembek@nortonrosefulbright.com
CA State Bar No. 181067                                   **NORTON ROSE FULBRIGHT US LLP**
Neil A. Rubin                                             Fulbright Tower
CA State Bar No. 250761                                   1301 McKinney, Suite 5100
Christian W. Conkle                                       Houston, Texas 77010-3095
CA State Bar No. 306374                                   Tel:   (713) 651-5151
Jonathan Ma                                               Fax:   (713) 651-5246
CA State Bar No. 312773
**RUSS AUGUST & KABAT**                                   Eric C. Green (SBN 24069824)
12424 Wilshire Boulevard, 12th Floor                      eric.green@nortonrosefulbright.com
Los Angeles, CA 90025                                     **NORTON ROSE FULBRIGHT US LLP**
Telephone: 310-826-7474                                   98 San Jacinto Boulevard, Suite 1100
Email: rmirzaie@raklaw.com                                Austin, Texas 78701
Email: mfenster@raklaw.com                                Tel:   (512) 474-5201
Email: nrubin@raklaw.com                                  Fax:   (512) 536-4598
Email: cconkle@raklaw.com
Email: jma@raklaw.com                                     **COUNSEL FOR DEFENDANTS NXP**
                                                          **SEMICONDUCTORS N.V.; NXP B.V.;**
**ATTORNEYS FOR PLAINTIFF**                               **AND NXP USA, INC**
**REDSTONE LOGICS LLC**

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Eric C. Green*
Eric C. Green

**CERTIFICATE OF CONFERENCE**

The parties conferred telephonically and by email, and they have agreed to the dismissal and relief sought herein.

By: */s/ Eric C. Green*
Eric C. Green