IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>NXP SEMICONDUCTORS N.V., NXP B.V., AND NXP USA, INC.<br><br>**Defendants.** | NO. 7:24-cv-00028-DC-DTG |

**DEFENDANT NXP USA INC.'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

201287676.2

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| III. | LEGAL STANDARD | 4 |
| | A. Dismissal Under Rule 12(b)(6) | 4 |
| | B. Properly Pleading Direct Infringement | 5 |
| | C. Properly Pleading Indirect Infringement | 6 |
| | D. Properly Pleading Section 271(f) Infringement | 7 |
| IV. | ARGUMENT | 7 |
| | A. Redstone's Direct Infringement Allegations Impermissibly Mix-and-Match Products, Relying on Support From Non-Accused Products of a Third Party | 7 |
| | B. No Induced Infringement without Direct Infringement | 11 |
| | C. Redstone's Boilerplate Pleading of Contributory Infringement Falls Short of the *Iqbal / Twombly* Pleading Standard | 11 |
| | D. Redstone's Claim of Infringement under Section 271(f) Is Wholly Unsupported | 12 |
| | E. Redstone's Generic Allegations of Inducing Activities Fail to Plausibly Support the Requisite Specific Intent Under 35 U.S.C. § 271(b) | 13 |
| V. | CONCLUSION | 15 |

# **TABLE OF AUTHORITIES**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ...................................................................................13

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*,
   No. W:13-CV-365, 2014 U.S. Dist. LEXIS 90379 (W.D. Tex. May 12, 2014).........................6

*Ak Meeting IP LLC v. Zoho Corp.*,
   No. 1:22-CV-1165-LY-DH, 2023 U.S. Dist. LEXIS 19142 (W.D. Tex. Feb. 6,
   2023) ..............................................................................................................5, 6, 7, 8

*Ak Meeting IP LLC v. Zoho Corp.*,
   No. 1:22-CV-1165-LY-DH, 2023 U.S. Dist. LEXIS 71307, at *4 (W.D. Tex.
   Mar. 1, 2023) ...................................................................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................................1, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................................4, 11

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)........................................................................................11

*Confluent Surgical, Inc. v. Hyperbranch Medical Technology, Inc.*,
   No. 17-688-LPS-CJB, 2017 WL 4804264 (D. Del. Oct. 25, 2017)...........................................7

*Confluent Surgical, Inc. v. Hyperbranch Medical Technology, Inc.*,
   No. 17-688-LPS-CJB, 2017 WL 11556764 (D. Del. Nov. 13, 2017) .......................................7

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   Case No. 6:14-cv-751, 2015 U.S. Dist. LEXIS 112095 (E.D. Tex. June 3,
   2015) (Love, M.J.) ..........................................................................................................14

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005).........................................................................................5

*CTD Networks LLC v. Microsoft Corp.*,
   No. W-22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010 (W.D. Tex. Aug.
   22, 2023) ..................................................................................................................5, 6, 8, 9

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006).....................................................................................6, 13

*Fernandez–Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) ............................................................................................5

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009).............................................................................................5

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010)......................................................................................6

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
    No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) .........................5

*LifeNet Health v. LifeCell Corp.*,
    837 F.3d 1316 (Fed. Cir. 2016)......................................................................................5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014)......................................................................................................11

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019).................5

*People.ai, Inc. v. SetSail Techs., Inc.*,
    No. C 20-09148 WHA, 2021 U.S. Dist. LEXIS 108348 (N.D. Cal. June 8,
    2021) ...............................................................................................................................7

*TeleSign Corp. v. Twilio, Inc.*,
    No. cv 16-2106-PSG, 2016 U.S. Dist. LEXIS 123516, 2016 WL 4703873
    (C.D. Cal. Aug. 3, 2016)................................................................................................5

**Rules and Statutes**

35 U.S.C. § 271(a) ...............................................................................................................5

35 U.S.C. § 271(b) ..........................................................................................................6, 13

35 U.S.C. § 271(c) ..........................................................................................................6, 11

35 U.S.C. § 271(f) ........................................................................................1, 7, 12, 13, 15

Federal Rule of Civil Procedure 12(b)(6) ...........................................................1, 4, 8, 15

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant NXP USA, Inc. ("NXP") moves to dismiss Plaintiff Redstone Logics LLC's ("Redstone") claims for direct infringement, induced infringement, contributory infringement, and infringement under 35 U.S.C. § 271(f) in its Original Complaint for Patent Infringement ("Complaint").  Dkt. 1.

## I. INTRODUCTION

Redstone accuses NXP of infringing U.S. Patent No. 8,549,339 ("the '339 Patent" or the "Asserted Patent").  In particular, Redstone's Complaint asserts direct and indirect infringement of the Asserted Patent, including under 35 U.S.C. § 271(f).  But, Redstone's infringement claims are insufficiently pled.  Rather than plausibly alleging that each element of at least one asserted claim is infringed by a ***single*** NXP product, Redstone's allegations are impermissibly predicated on a disparate ***mix-and-match*** of NXP and ARM documentation for multiple unique products.  There is no single product that Redstone has plausibly alleged meets every limitation of asserted Claim 1 from the '339 Patent—the only claim presently asserted.  As a consequence, all of Redstone's infringement allegations, both direct and indirect, fail to satisfy the requirements of *Iqbol/Twombly*, and the Complaint must be dismissed.

Additionally, Redstone's indirect infringement allegations and allegation of infringement under Section 271(f) should be dismissed as insufficiently pled.  For contributory infringement and infringement under Section 271(f), Redstone's complaint includes a mere two sentences of boilerplate with no requisite factual details supporting Redstone's conclusory allegations—this is plainly insufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

And for induced infringement, Redstone's allegations fare no better, relying on general, conclusory assertions about unidentified customer documentation and supposed performance "out of the box." However, these insufficient assertions lack factual support and fail to suggest the requisite specific intent that must be pled to allege a plausible claim of induced infringement.

**II.   BACKGROUND**

On January 26, 2024, Redstone filed the operative Complaint alleging infringement of Claim 1 from the '339 patent by NXP's i.MX 8 Family Application Processors ("Accused i.MX 8 Products"). Dkt. 1 (Complaint) at ¶¶ 10, 13; *see also generally* Dkt. 1-2 ("Claim Chart"). The Accused i.MX 8 Products are the only accused product. *Id.*

Claim 1 of the '339 patent states:

1. A multi-core processor, comprising:

[1a] a first set of processor cores of the multi-core processor, wherein each processor core from the first set of processor cores is configured to dynamically receive a first supply voltage and a first output clock signal of a first phase lock loop (PLL) having a first clock signal as input;

[1b] a second set of processor cores of the multi-core processor, wherein each processor core from the second set of processor cores is configured to dynamically receive a second supply voltage and a second output clock signal of a second PLL having a second clock signal as input, wherein the first supply voltage is independent from the second supply voltage, and the first clock signal is independent from the second clock signal; and

[1c] an interface block coupled to the first set of processor cores and also coupled to the second set of processor cores, wherein the interface block is configured to facilitate communication between the first set of processor cores and the second set of processor cores.

Dkt. 1-1 ('339 Patent) at 7:53-8:5.

Exhibit 2 to the Complaint is a Claim Chart purporting to align aspects of the Accused i.MX 8 Products with the elements of Claim 1 from the '339 Patent. *See generally* Dkt. 1-2. The

Claim Chart frequently includes the below image, purporting to show the architecture of the Accused i.MX 8 Products:



*Id.* at 2 (annotated to emphasize processor cores). As shown in the above annotations, the Accused i.MX 8 Products are depicted as a system on chip containing multiple processor cores. The processor cores depicted in the Claim Chart include the ARM Cortex-A53, Cortex-A72, and Cortex-M4F. These are processor cores supplied to NXP by third-party ARM.

Third-party ARM has developed a proprietary chip architecture called "big.LITTLE." While Redstone has not identified any document indicating that the Accused i.MX 8 Products implement the big.LITTLE architecture, NXP's purported use of this architecture forms the basis for Redstone's direct infringement allegations. *See generally id.*

201287676.2

3

While the documentation that Redstone relies upon to depict the purported structure of the Accused i.MX 8 Products identifies the ARM Cortex-A53, Cortex-A72, and Cortex-M4F processors (*id.* at 2), for certain of its allegations of direct infringement, Redstone relies upon documentation concerning a distinct ARM product called the "CoreTile Express A15×2 A7×3 daughterboard" (*id.* at 12, Ex. 1[1,2]). Redstone's Complaint does not contend that NXP sells the ARM CoreTile Express A15×2 A7×3 daughterboard, nor does it contend the ARM daughterboard is incorporated within the Accused i.MX 8 Products.

### III. LEGAL STANDARD

#### A.  Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"When presented with a Rule 12(b)(6) motion, a court conducts a two-part analysis. First, the court separates the factual and legal elements, accepting 'all of the complaint's well-pleaded facts as true, [while] . . . disregard[ing] any legal conclusions.' Second, the court determines 'whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible

---

[1] Because Redstone's Complaint excerpts from and relies upon the *ARM® CoreTile Express A15×2 A7×3 Technical Reference Manual* (*see* Dkt. 1-2 at 12), this document may be properly cited in a motion at the Rule 12 stage without introducing matter external to the pleadings.
[2] Exhibits identified herein are exhibits to the Declaration of Eric C. Green, filed herewith.

claim for relief.'"'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *1 (W.D. Tex. July 26, 2019) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)) (alterations in original).  "Conclusory allegations, or legal conclusions masquerading as factual conclusions, will not suffice to prevent a motion to dismiss." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)) (report and recommendation).

      **B.**      **Properly Pleading Direct Infringement**

Under 35 U.S.C. § 271(a), a defendant directly infringes a patent by making, using, selling, or offering to sell a patented invention within the United States.  Direct infringement "requires that each and every limitation set forth in a claim appear in an accused product." *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016) (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005)).  "An element-by-element pleading of fact for each asserted patent claim is not required, but: To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *Ak Meeting IP LLC v. Zoho Corp.*, No. 1:22-CV-1165-LY-DH, 2023 U.S. Dist. LEXIS 19142, at *8-9 (W.D. Tex. Feb. 6, 2023) (cleaned up), *report and recommendation adopted*, No. 1:22-CV-01165-LY, 2023 U.S. Dist. LEXIS 71307, at *4 (W.D. Tex. Mar. 1, 2023).  "A plaintiff does not satisfy this requirement by mixing and matching between different accused products in its claim charts, as infringement cannot be shown by a muddled hash of elements from different products." *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010, at *12 (W.D. Tex. Aug. 22, 2023) (cleaned up); *see also TeleSign Corp. v. Twilio, Inc.*, No. cv 16-2106-PSG, 2016 U.S. Dist. LEXIS 123516, 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) (finding plaintiff failed to state a claim

201287676.2

for infringement when it neither plausibly alleged any one product performed all elements nor that multiple products were used conjunctively to infringe). Where a complaint fails to plausibly demonstrate that a single product meets all elements of an asserted claim, but instead mixes and matches support from multiple distinct products, dismissal is appropriate. *See CTD Networks*, 2023 U.S. Dist. LEXIS 147010, at *12 (dismissing a complaint that "mix[ed] and match[ed] software products to satisfy limitations of the variously infringed patent claims"); *see also Ak Meeting IP*, 2023 U.S. Dist. LEXIS 19142, at *11 (dismissing a complaint that "mixes and matches disparate features of three different [defendant] products and asserts these features collectively infringe").

## C. Properly Pleading Indirect Infringement

Under 35 U.S.C. §§ 271(b) and (c), a defendant may be found to be an indirect infringer if it induces or contributes to the infringement of a third party. To properly plead induced infringement under 35 U.S.C. § 271(b), a complaint "must allege facts showing that [a defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. 6:13-CV-365, 2014 U.S. Dist. LEXIS 90379, at *6 (W.D. Tex. May 12, 2014) (*citing DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)). To properly plead contributory infringement under 35 U.S.C. § 271(c), a complaint must allege facts plausibly showing that the accused infringer sells within or imports into the United States a component of a patented apparatus or one for use in practicing a patented process and: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

### D.     Properly Pleading Section 271(f) Infringement

35 U.S.C. § 271(f) "extend[s] liability for patent infringement to the export from the United States of a patented invention's components . . ." *People.ai, Inc. v. SetSail Techs., Inc.*, No. C 20-09148 WHA, 2021 U.S. Dist. LEXIS 108348, at *17 (N.D. Cal. June 8, 2021). "[C]onclusory" and "boilerplate" allegations of infringement under 35 U.S.C. § 271(f) are insufficient and warrant dismissal. *Id.*, at *18; *see also Confluent Surgical, Inc. v. Hyperbranch Medical Technology, Inc.*, No. 17-688-LPS-CJB, 2017 WL 4804264, at n.2 (D. Del. Oct. 25, 2017) (dismissing Section 271(f) allegations and noting that pleading infringement under Section 271(f) requires Plaintiffs "to do more than merely track the statutory language—they have to allege facts that go beyond a formulaic recitation of the elements of their cause of action"), *report and recommendation adopted*, Civil Action No. 17-688-LPS-CJB, 2017 WL 11556764 (D. Del. Nov. 13, 2017).

## IV.    ARGUMENT

### A.     Redstone's Direct Infringement Allegations Impermissibly Mix-and-Match Products, Relying on Support From Non-Accused Products of a Third Party

Redstone's Complaint fails to plead a plausible claim of direct infringement because its purported infringement support for Claim 1 of the '339 Patent—Exhibit 2 to the Complaint—relies in substantial part on products **other than what is accused**, *i.e.*, NXP's i.MX 8 Family Application Processors. *See generally* Dkt. 1-2. To properly plead direct infringement, a complaint must plausibly allege that a single product satisfies all elements of an asserted claim. *See Ak Meeting IP*, 2023 U.S. Dist. LEXIS 19142, at *8-9 ("To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets **each limitation** of the asserted claim or claims." (emphasis added)). Redstone's Complaint, however, relies on products unrelated to the Accused i.MX 8 Products to allege direct infringement.

As briefly discussed above, Exhibit 2 to the Complaint includes documentation purporting to indicate that the Accused i.MX 8 Products are systems on a chip that include the following processor cores supplied to NXP by ARM: ARM Cortex-A53, Cortex-A72, and Cortex-M4F (the "Included ARM Cores"). *See* Dkt. 1-2 at 2, 3. While NXP does not concede that these cores are actually present within the Accused i.MX 8 Products, NXP does not dispute that the cited facts in Exhibit 2 to the Complaint plausibly suggest that the Included ARM Cores may be present within certain Accused i.MX 8 Products (for purposes of Rule 12 only)—*i.e.*, there may be a first and second core in some of the accused products. This, however, falls far short of the requirement that Redstone "must plead facts that plausibly suggest that the accused product meets ***each limitation*** of the asserted claim or claims." *Ak Meeting IP LLC,* 2023 U.S. Dist. LEXIS 19142 at *8-9. Instead, Redstone's Complaint proffers an impermissible "mixing and matching between different accused products in its claim charts, as infringement cannot be shown by a muddled hash of elements from different products." *CTD Networks LLC*, 2023 U.S. Dist. LEXIS 147010, at *12 (cleaned up).

Specifically, **Redstone's direct infringement support depends upon a mix of the Included ARM cores and different ARM cores and products** not plausibly alleged to be present within the Accused i.MX 8 Products. For example, Claim 1 of the '339 Patent requires both first and second "phase lock loop[s] (PLL)." *See*, *e.g.*, Dkt 1-2 at 6, 13. Rather than NXP documentation or ARM documentation related to the Included ARM Cores, Redstone's Complaint relies upon the multiple PLLs depicted in the following image—an image that Redstone excerpted from ARM documentation for a non-NXP product that has not been shown to be contained within the Accused i.MX 8 Products:



*Id.* at 12, 19 (excerpted, annotated); *see also* Ex. 1 at 2-26. The fundamental problem for Redstone is that this excerpt is from the "*ARM® CoreTile Express A15×2 A7×3 Technical Reference Manual*," and the image included in the Claim Chart ***relates to a distinct ARM Product*** called the "CoreTile Express A15×2 A7×3 daughterboard" ("ARM Daughterboard"). *Id.* The ARM Daughterboard is not the Accused i.MX 8 Products, and Redstone never alleges that the ARM Daughterboard is contained within the Accused i.MX 8 Products—nor could it.

The *ARM® CoreTile Express A15×2 A7×3 Technical Reference Manual* itself demonstrates that Redstone's direct infringement claim is not plausible. The reference manual explains that the processor cores within the ARM Daughterboard are the "[d]ual-core A15 cluster" and the "[t]riple-core A7 cluster." Ex. 1 at 2-2; *see also id.* at 2-4 (depicting use of Cortex-A7 and Cortex-A15). Because Redstone's infringement allegations are premised on the Accused i.MX 8 Products' purported use of ARM Cortex-A53, Cortex-A72, and Cortex-M4F processor cores, and ***not*** use of the distinct ARM Cortex-A7 or Cortex-A15 cores, Redstone has engaged in the impermissible "mixing and matching between different accused products in its claim charts," but infringement cannot plausibly be shown "by a muddled hash of elements from different products." *CTD Networks LLC*, 2023 U.S. Dist. LEXIS 147010, at *12. Indeed, Redstone's theory is one step beyond an impermissible mixing and matching of ***NXP products*** alone, as its allegations mix and match ***ARM products*** within an ***ARM chip*** that is not part of the Accused i.MX 8 Products.

201287676.2

9

Likewise, Redstone's Claim Chart relies upon several ARM documents describing an ARM proprietary architecture called "big.LITTLE." *See*, *e.g.*, Dkt. 1-2 at 3-5, 9-11, 16-18, 21-14. Rather than attempt to tether this functionality to the Accused Product, Redstone's claim chart provides no plausible support that suggests NXP's Accused i.MX 8 Products actually implement ARM's proprietary big.LITTLE architecture. Indeed, the sole support for what Redstone labels claim element "[1c]" in its Claim Chart is a white paper titled: "*big.LITTLE Technology: The Future of Mobile Making very high performance available in a mobile envelope without sacrificing energy efficiency.*" Dkt. 1-2 at 20-24; *see also* Ex. 2. As with the *ARM® CoreTile Express A15×2 A7×3 Technical Reference Manual* discussed above, the cited excerpts from the "big.LITTLE" document establish that it relates to an architecture containing ARM Cortex-A7 and Cortex-A15 cores—***not*** the architecture of the Accused i.MX 8 Products and their Included ARM Cores:



Fig 1: Typical big.LITTLE system

Dkt. 1-2 at 21 (annotated); *see also id*. ("Figure 2 describes the pipeline designs for the Cortex-A15 and Cortex-A7 cores.").

Redstone's mix-and-match approach to pleading infringement fails to plausibly allege that the Accused i.MX 8 Products (or even the purportedly Included ARM Cores) directly infringe

the '339 Patent. Accordingly, Redstone's charge of direct infringement by NXP must be dismissed.

### B. No Induced Infringement without Direct Infringement

As a baseline matter, because Redstone has not plausibly pled any act of direct infringement—a prerequisite to a finding of indirect infringement—Redstone's indirect infringement allegations must be dismissed. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("[I]nducement liability may arise if, but only if, there is direct infringement." (cleaned up)); *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (noting that to state a claim of contributory infringement, a plaintiff must first demonstrate direct infringement).

### C. Redstone's Boilerplate Pleading of Contributory Infringement Falls Short of the *Iqbal / Twombly* Pleading Standard

Substantively, Redstone's allegations of the additional requirements of contributory infringement are a mere "formulaic recitation of the elements of" contributory infringement—this is not sufficient and requires dismissal. *See Twombly*, 550 U.S. at 555. Specifically, regarding contributory infringement pursuant to 35 U.S.C. § 271(c), Redstone's Complaint simply states:

> 12. Defendants have also infringed, and continue to infringe, one or more claims of the '339 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '339 Patent, are especially made or adapted to infringe the '339 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendants have been, and currently are, contributorily infringing the '339 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

Complaint at ¶ 12.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original, citation omitted). Conspicuously

absent from these threadbare conclusions are facts that support a plausible allegation as to (a) how the Accused Instrumentalities are purportedly "especially made or adapted to infringe the '339 Patent," (b) why the Accused Instrumentalities "are not staple articles or commodities of commerce suitable for non-infringing use," and (c) how "the Accused Instrumentalities constitute a material part of the" asserted claim.

As such, Redstone's contributory infringement allegations are insufficient and warrant dismissal.

### D. Redstone's Claim of Infringement under Section 271(f) Is Wholly Unsupported

Redstone's allegations of Section 271(f) infringement (reproduced in the proceeding section) fails to even include a formulaic recitation of the elements of Section 271(f) infringement. Rather, the Complaint makes a passing reference to Section 271(f) when alleging contributory infringement. Sections 271(c) and (f) recite different causes of action with different requirements. And, Section 271(f) itself recites two separate causes of action for infringement, with Section 271(f) subsections (1) and (2) having different requirements. Redstone's Complaint fails to even specify which subpart of Section 271(f) is applicable to its claims, much less plausibly plead facts that meet the requisite elements of either subsection:

> (1)   Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

35 U.S.C. § 271(f)(1).

> (2)   Whoever without authority supplies or causes to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or

adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

35 U.S.C. § 271(f)(2).

Due to the complete absence of support for its Section 271(f) claim, Redstone's allegations under Section 271(f) should be dismissed.

### E. Redstone's Generic Allegations of Inducing Activities Fail to Plausibly Support the Requisite Specific Intent Under 35 U.S.C. § 271(b)

Redstone's induced infringement allegations should also be dismissed because the Complaint fails to plead facts showing that NXP had a specific intent to induce infringement of the Asserted Patent. Specific intent to induce infringement is "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). Redstone's Complaint identifies certain general NXP marketing activity alleged to induce infringement by NXP's end customers, but Redstone never suggests such marketing activity was done with the requisite specific intent to induce others to infringe—let alone providing plausible facts to support such a contention. *See Id.* at 1305 (noting a complaint "must allege facts showing that [a defendant] . . . had specific intent to induce the patent infringement").

An inducement claim that "simply recites the legal conclusion that Defendants acted with specific intent" or generically alleges that a defendant acted to "urge, instruct, [and/or] encourage" infringement is insufficient. *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (affirming dismissal of indirect infringement claims).

Here, Redstone's indirect infringement claims are limited to a generic paragraph that fails to plead any facts plausibly alleging NXP's specific intent to induce others to infringe:

> 11. Defendants also knowingly and intentionally induce infringement of one or more claims of the '339 Patent in violation of 35 U.S.C. § 271(b). Through at least

>the filing and service of this Complaint, Defendants have had knowledge of the '339 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '339 Patent, Defendants continue to ***actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '339 Patent***. Furthermore, Defendants offer the Accused Instrumentalities in a form and configuration such that customers and end users will ***perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way***. Defendants do so knowing [sic] and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '339 Patent, ***thereby specifically intending for and inducing their customers to infringe the '339 Patent*** through the customers' normal and customary use of the Accused Instrumentalities.

Dkt. 1 (Complaint) at ¶ 11 (emphases added).  Redstone's allegations—particularly as to specific intent—are mere boilerplate, and they contain no actual factual allegations from which the Court could determine that NXP plausibly performs the alleged inducing acts, much less possesses the requisite specific intent to induce others to directly infringe.

Redstone's generic allegations that NXP provides "user manuals and online instruction materials," or that its products "perform the claimed method . . . 'out of the box'" fare no better than the assertions of specific intent held to be insufficient in *Core Wireless Licensing S.A.R.L. v. Apple Inc.* The *Core Wireless* complaint alleged that the defendant induced infringement by "provid[ing] instructive materials and information concerning operation and use of the accused products." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, Case No. 6:14-cv-751, 2015 U.S. Dist. LEXIS 112095, at *10 (E.D. Tex. June 3, 2015) (Love, M.J.).  The court there held that "generic allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim." *Id.* at *11.  Likewise, Redstone fails to plead facts demonstrating specific intent to induce infringement.

As Redstone has provided only legal boilerplate and generic information and has failed to plead any facts upon which the Court could plausibly find that NXP specifically intended its infringement, the Court should dismiss Redstone's claims for induced infringement.

## V. CONCLUSION

For the foregoing reasons, NXP respectfully requests that the Court grant its motion and dismiss Plaintiff's claims for induced, contributory, and Section 271(f) infringement of the Asserted Patent under Rule 12(b)(6).

May 20, 2024

Respectfully submitted,

By: /s/ Eric C. Green

Richard S. Zembek
Texas State Bar No. 00797726
richard.zembek@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel: (713) 651-5151
Fax: (713) 651-5246

Eric C. Green
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Texas State Bar No. 24069824
eric.green@nortonrosefulbright.com
Tel: (512) 536-3094
Fax: (512) 536-4598

**COUNSEL FOR DEFENDANT NXP USA, INC**

## CERTIFICATE OF SERVICE

I certify that on May 20, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: <u>/s/ Eric C. Green</u><br>
Eric C. Green