UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC<br><br>*Plaintiff,*<br><br>v.<br><br>NXP SEMICONDUCTORS N.V., NXP B.V., AND NXP USA, INC.<br><br>*Defendants*. | Case No. 7:24-cv-00028-DC-DTG<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Redstone Logics LLC ("Redstone") files this complaint against NXP Semiconductors N.V., NXP B.V., and NXP USA, Inc. (collectively "Defendants" or "NXP") alleging infringement of U.S. Patent No. 8,549,339 (the "'339 Patent" or the "Asserted Patent").

## The Parties

1. Plaintiff Redstone Logics LLC is a limited liability company organized under the laws of the State of Texas, with an address at 2150 S. Central Expressway, Suite 200, McKinney, TX 75070.

2. On information and belief, Defendant NXP Semiconductors N.V. is a company organized and existing under the laws of the Netherlands, having a place of business at High Tech Campus 60, 5656 AG, Eindhoven, the Netherlands.

3. Defendant NXP B.V. is a company organized and existing under the laws of the Netherlands, having a place of business at High Tech Campus 60, 5656 AG Eindhoven, the Netherlands. NXP B.V. is a wholly-owned and wholly-controlled subsidiary of NXP Semiconductors N.V.

4. Defendant NXP USA, Inc. is a corporation organized under the laws of Delaware, having a place of business at 6501 William Cannon Drive West, Austin, TX 78735. NXP USA, Inc. can be served through its registered agent, CSC-Lawyers Incorporating Service Company, 211 E. 7th Street Suite 620 Austin, TX 78701. On information and belief, NXP USA, Inc. is a wholly-owned and wholly-controlled subsidiary of NXP Semiconductors N.V. NXP Semiconductors N.V., NXP B.V., and NXP USA, Inc. are collectively referred to herein as "Defendant" or "Defendants."

## Jurisdiction and Venue

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants in this action because Defendants have established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants have purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendants have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Defendants, directly and through subsidiaries, intermediaries, and third parties, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants NXP Semiconductors N.V. and NXP B.V. are both foreign corporations. Venue is proper as to a foreign

defendant in any district. 28 U.S.C. § 1391(c)(3). Defendant NXP USA, Inc. has a regular and established place of business in this District at its headquarters at 6501 William Cannon Dr. West, Austin, Texas 78735.

## Count 1
## Infringement of U.S. Patent No. 8,549,339

8. Redstone incorporates by reference each of the allegations in the foregoing paragraphs and further alleges as follows:

9. Redstone is the owner of U.S. Patent No. 8,549,339 entitled "Processor core communication in multi-core processor," which issued on October 1, 2013. A copy of the '339 Patent is attached to this complaint as **Exhibit 1**.

10. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including comprising two or more sets of processors supporting or based on the ARM big.LITTLE architecture, including without limitation the NXP i.MX 8 Family Application Processors, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '339 Patent.

11. Defendants also knowingly and intentionally induce infringement of one or more claims of the '339 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendants have had knowledge of the '339 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '339 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '339 Patent. Furthermore, Defendants offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method au-

tomatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '339 Patent, thereby specifically intending for and inducing their customers to infringe the '339 Patent through the customers' normal and customary use of the Accused Instrumentalities.

12. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '339 Patent. A claim chart comparing independent claim 1 of the '339 Patent to representative Accused Instrumentalities is attached as **Exhibit 2** and incorporated by reference herein.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '339 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendants' infringement of the '339 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## Jury Trial Demanded

15. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Redstone requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Plaintiff Redstone respectfully requests the following relief from this Court:

A. A judgment in favor of Redstone that Defendants have infringed the '339 Patent, and that the '339 Patent is valid, enforceable, and patent-eligible;

B.      A judgment and order requiring Defendants to pay Redstone compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the Asserted Patent, as provided under 35 U.S.C. § 284;

C.      Any and all injunctive and/or equitable relief to which Redstone may be entitled including, but not limited to, ongoing royalties with respect to Defendants' infringement of the '339 Patent;

D.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Redstone, including, without limitation, pre-judgment and post-judgment interest;

E.      A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Redstone's reasonable attorney's fees and costs; and

F.      Any and all other relief to which Redstone may be entitled.

Dated: June 17, 2024  /s/ Reza Mirzaie
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

**ATTORNEYS FOR PLAINTIFF, REDSTONE LOGICS LLC**

**CERTIFICATE OF SERVICE**

I certify that on June 17, 2024, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Reza Mirzaie*

　　　　　　　　　　　　　　　　　　　　　　　　Reza Mirzaie