**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| REDSTONE LOGICS LLC, <br><br>                Plaintiff, <br>    v. <br><br> NXP SEMICONDUCTORS N.V., et al.. <br><br>            Defendants. | Case No.  7:24-cv-00028-DC-DTG |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................... 1

II.   LEGAL STANDARD.................................................................................... 1

III.  THE COMPLAINT EXCEEDS PLEADING REQUIREMENTS FOR DIRECT
      INFRINGEMENT........................................................................................ 3

IV.   THE COMPLAINT SUFFICIENTLY PLEADS POST-SUIT INDUCED
      INFRINGEMENT........................................................................................ 6

V.    PLAINTIFF SHOULD HAVE LEAVE TO AMEND REMAINING ALLEGATIONS .. 7

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ak Meeting IP LLC v. Zoho Corp.*,
No. 1:22-CV-1165-LY, 2023 U.S. Dist. LEXIS 19142 (W.D. Tex. Feb. 6, 2023) ................... 5

*Ashcroft v. Iqbal*,
556 U.S. 544 (2007) .......................................................................................................... 1, 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 554 (2007) .............................................................................................................. 2

*Berall v. Pentax of Am., Inc.*,
No. 10-CV-577 (LAP), 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021) ...................................... 3

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022) .................................................................................. 6

*CTD Networks LLC v. Microsoft Corp.*,
No. W-22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010 (W.D. Tex. Aug. 22, 2023) .......... 5

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
F.3d 1256 (Fed. Cir. 2018) .................................................................................................... 2

*Erickson v. Pardus*,
551 U.S. 89 (2007) ................................................................................................................ 2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................ 3

*Johnson v. BOKF Nat'l Ass'n*,
15 F.4th 356 (5th Cir. 2021) ................................................................................................. 1

*Marion Diagnostic Ctr., LLC v. McKesson Corp.*,
386 F. Supp. 3d 477 (E.D. Pa. 2019) .................................................................................... 5

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) ............................................................................................ 1

*Motiva Patents LLC v. Sony Corp.*,
408 F. Supp. 2d 819 (E.D. Tex. 2019) .................................................................................. 2

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337 (Fed. Cir. 2018) ............................................................................................ 2

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
No. 6:20-CV-00507-ADA, 2023 WL 5426743 (W.D. Tex. June 27, 2023) ............................ 1

*Novitaz, Inc. v. inMarket Media, LLC*,
No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal May 26, 2017) ..................................... 2

*Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*,
No. 219CV00834GMNBNW, 2020 WL 569880 (D. Nev. Feb. 5, 2020) ................................ 3

*Repairify, Inc. v. Keystone Auto. Indus., Inc.*,
610 F. Supp. 3d 897 (W.D. Tex. 2022) .................................................................................. 2

*Ruby Sands, LLC v. Am. Nat'l Bank of Tex.*,
    No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ............................................ 2

*Unification Techs. LLC v. Dell Techs., Inc.*,
    6:20-CV-00499-ADA, 2021 WL 1343188 (W.D. Tex. Jan 28, 2021) ..................................... 3

*United States ex rel. Steury v. Cardinal Health Inc.*,
    735 F.3d 202 (5th Cir. 2013) ............................................................................................... 5

*Xiros, Ltd. v. Depuy Synthes Sales, Inc.*,
    W-21-CV-00681-ADA, 2022 WL 3592449 (W.D. Tex. Aug. 22, 2022)................................. 2

**Statutes**

35 U.S.C. § 271(a) ................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................................... 1

## I.   <u>INTRODUCTION</u>

The NXP Defendants' Motion to Dismiss direct infringement should be denied because it ignores plausible, reasonable inferences in favor of Plaintiff Redstone. The claims require first and second separate phase locked loops (PLLs), and Plaintiff alleges that Defendants' specific accused products contain first and second PLLs as claimed. Plaintiffs provide specific support for that allegation, including (1) an inference based on the clock architecture of the products and the contemporary industry usage of PLLs to provide such clocks; and (2) documentary evidence for a different but analogous product expressly showing the presence of the claimed PLLs in that device. Both of these support the plausible inference that the accused products contain the claimed PLLs. Because Plaintiff does not need to prove its case at the pleading stage, this is sufficient.

Defendants' motion to dismiss inducement based on failure to allege specific intent should also be dismissed because recent cases have affirmed substantially identical allegations.

## II.   <u>LEGAL STANDARD</u>

This Court recently set out the standard for dismissal under Rule 12(b)(6) in *Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-CV-00507-ADA, 2023 WL 5426743, at *1–2 (W.D. Tex. June 27, 2023).  Evaluating whether to grant a motion to dismiss under Rule 12(b)(6) is a "purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). Thus, Fifth Circuit law governs. *Id.* In the Fifth Circuit, "all well-pleaded facts" are accepted as true, they are viewed "in the light most favorable to the plaintiff," and "all reasonable inferences" are drawn in the plaintiff's favor. *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021). A complaint must be "plausible on its face" with sufficient factual bases. *Ashcroft v. Iqbal*, 556 U.S. 544, 570 (2007). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Additionally, there must be

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, W-21-CV-00681-ADA, 2022 WL 3592449, at *2 (W.D. Tex. Aug. 22, 2022) (citing *Iqbal*, 556 U.S. at 678). Furthermore, specific facts are not required, as long as the statement gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Discovery should generally proceed when "the relevant information is beyond the access of the plaintiff ... unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief." *Motiva Patents LLC v. Sony Corp.*, 408 F. Supp. 2d 819, 827 (E.D. Tex. 2019) (alteration in original). This is because a plaintiff "need not prove its case at the pleading stage." *Repairify, Inc. v. Keystone Auto. Indus., Inc.*, 610 F. Supp. 3d 897, 900–01 (W.D. Tex. 2022) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).

To allege direct infringement, the complaint must contain facts that "plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." *Ruby Sands, LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955, 2016 WL 3542430, at *2 (E.D. Tex. June 28, 2016) (quoting 35 U.S.C. § 271(a)). Although the allegations must show that all claim limitations of at least one claim of the claimed invention are practiced by the accused products to satisfy the *Twombly/Iqbal* pleading standard, *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *3 (N.D. Cal May 26, 2017), the complaint satisfies this requirement if it alleges that the accused products, identified both by name and with visual exhibits, satisfy "each and every element of at least one claim of the [asserted] Patent." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, F.3d 1256, 1260 (Fed. Cir. 2018).

And although some courts have found *Disc Disease* does not set the minimum requirements for pleading patent infringement, *Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*, No. 219CV00834GMNBNW, 2020 WL 569880, at *3 (D. Nev. Feb. 5, 2020), this Court and others have found that it does. *Unification Techs. LLC v. Dell Techs., Inc.*, 6:20-CV-00499-ADA, 2021 WL 1343188, at *3 (W.D. Tex. Jan 28, 2021); *accord Berall v. Pentax of Am., Inc.*, No. 10-CV-577 (LAP), 2021 WL 3934200, at *5 (S.D.N.Y. Sept. 2, 2021). The facts used to support the alleged infringement do not need to "mimic the precise language used in a claim." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1343 (Fed. Cir. 2012).

## III.   THE COMPLAINT EXCEEDS PLEADING REQUIREMENTS FOR DIRECT INFRINGEMENT

The Complaint offers factual content that allows the court to draw the reasonable inference that the defendant is liable for patent infringement. The Motion to Dismiss challenges only one element of the asserted claims: that the complaint fails to meet the part of Claim 1 that requires "a first/second set of processor cores … wherein each processor core … is configured to dynamically receive … a first/second output clock signal of a first/second *phase lock loop (PLL)*." Dkt. 19 at 2 (emphasis by Defendants). Defendants contend that because Defendants' public documentation does not expressly show a first and second PLL, Plaintiff's claims must be dismissed.

Defendants' demand for direct, documentary evidence of direct infringement at the pleading stage lacks any foundation in law or fact. As Plaintiff's infringement chart shows, the accused NXP i.MX 8 Family Application Processor contains six ARM Cortex processor cores and implements ARM's "big.LITTLE" processor architecture, with two "clusters" of processors. Dkt. 18-2 at 1-2; *see also* Dkt. 18 at 4 ¶ 12 (incorporating by reference Dkt. 18-2). Defendants' Motion does not challenge the allegations that Defendants use ARM processors and ARM's big.LITTLE architecture. The applicable big.LITTLE documentation expressly states that "each cluster [of

processors] requires an independent clock." Dkt. 18-2 at 11. As Plaintiff alleges: "At the time the i.MX 8 Family Application Processor was designed, it was typical to produce this clock using a PLL that has a corresponding clock input," and alleges that "the i.MX 8 Family Application Processor specifically receives a first output clock signal of a first PLL having a first clock signal as input." *Id.* at 6; *see also id.* at 13 (same for second PLL).

In short, Plaintiff presents direct evidence that the products have separate first and second *clocks* (corresponding to the first and second processor clusters), and based thereon infer and allege that the products contain first and second PLLs as claimed. These plausible allegations are sufficient to survive a motion to dismiss. Plaintiff has identified an accused product, alleged that the product meets all the claim limitations, and furthermore identified a specific and documented basis for its allegation.

But Plaintiff went further, presenting additional corroborating, circumstantial evidence that the accused products contain the claimed PLLs. ARM, which provides the processor and architecture designs used by Defendants, also designed an earlier "test chip" to demonstrate the big.LITTLE architecture. *See* Dkt. 18-2 at 6. The public documentation for that chip expressly shows first and second PLLs configured in exactly the arrangement that Plaintiff alleges: with entirely separate PLLs (and clock inputs) for first and second processor clusters (the "Cortex-A15 MPCore Cluster" and "Cortex-A7 MPCore Cluster" at top left) respectively. *Id.* at 12. To be clear, Plaintiff does not allege that the Accused Products literally contain ARM's "MPCore Test Chip." Rather, the documentation for the test chip provides further corroboration for Plaintiff's inference that Defendants' products meet the claim limitations. Thus, it plausible to infer that Defendants' accused products include the claimed first PLL and the claimed second PLL. With this explanation, Defendants' motion to dismiss should be denied.

This is not a "mixing and matching" situation as in Defendants' primary cited cases. For example, in *CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010 (W.D. Tex. Aug. 22, 2023), the asserted patents each required "a consistent set of agents that perform all of the [claimed] functions," but the plaintiff alleged that one agent performed one claimed function but an entirely different agent performed another claimed function. *Id.* at *14. Specifically, the plaintiff did not allege that there was "a single product that performed all of the claimed steps" as required by the patent. *Id.* at *15. Similarly, the plaintiff in *Ak Meeting IP LLC v. Zoho Corp.*, No. 1:22-CV-1165-LY, 2023 U.S. Dist. LEXIS 19142 (W.D. Tex. Feb. 6, 2023), alleged that two separate products were "sold as marketing bundles" such that they could be treated as a single product for purposes of infringement mapping. *Id.* at *11. But here, Plaintiff clearly and unambiguously alleges that each exemplary i.MX 8 Product meets each and every limitation of the claim.

Indeed, after presenting the straw-man argument that Plaintiff is accusing two separate devices, Defendants acknowledge the clear allegation, stated in the claim chart, that Defendants' Accused i.MX 8 Products each include the claimed PLLs. Mot. at 5, 10. Although Defendants argue that this allegation is speculative or conclusory, they provide no cases even approximately on point. Instead, they rely on cases regarding the False Claims Act (*United States ex rel. Steury v. Cardinal Health Inc.*, 735 F.3d 202, 204 (5th Cir. 2013)) and the Sherman Act (*Marion Diagnostic Ctr., LLC v. McKesson Corp.*, 386 F. Supp. 3d 477, 482 (E.D. Pa. 2019)), without any attempt to show *why* Plaintiff's allegation is conclusory. To the contrary, Plaintiff provides two separate explanations for its allegation, *i.e.* an inference based on the contemporary industry use of PLLs, and circumstantial evidence from a similar ARM big.LITTLE design.

## IV.   THE COMPLAINT SUFFICIENTLY PLEADS POST-SUIT INDUCED INFRINGEMENT

Defendants argue for dismissal of induced infringement for two reasons (lack of direct infringement and lack of specific intent). Each of these fails.

Defendants' first argument for dismissing induced infringement based on a lack of underlying direct infringement fails for the reasons explained in the previous section.

Defendants' second argument, that the complaint lacks allegations of specific intent, also fails because paragraph 11 of the complaint contains sufficient allegations. As noted in Defendants' motion, paragraph 11 of the complaint alleges that Defendants "actively encourage and instruct their customers and end users (for example, through engineering documents for customers that integrate the Accused Products into consumer devices, and through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '339 Patent" and that they "offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities 'out of the box' in their ordinary way." Dkt. 18, ¶ 10. This is sufficient to infer intent and is similar to the allegations in *BillJCo*, which the Court ruled were sufficient to survive a motion to dismiss post-suit induced infringement:

> Apple takes specific steps to actively induce others—such as, for example customers, application developers, and third-party manufacturers—to access, use, and develop programs and applications for the Accused Instrumentalities and intentionally instructs infringing use through training videos, demonstrations, brochures, installation and user guides ....

*BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 780 (W.D. Tex. 2022). Given the similar allegations here, the motion to dismiss induced infringement should be denied.

6

V. <u>**PLAINTIFF SHOULD HAVE LEAVE TO AMEND REMAINING**</u>
<u>**ALLEGATIONS**</u>

In the unlikely event the Court grants the motion, the Court should give leave to amend the pleadings to cure any deficiency. Indeed, Defendants do not argue that any amendments would be impossible and futile. As the Federal Rules provide: "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).


Dated: July 22, 2024                              Respectfully submitted,

                                                  */s/ Christian W. Conkle*
                                                  RUSS AUGUST & KABAT
                                                  Reza Mirzaie, SBN 246953
                                                  Email: rmirzaie@raklaw.com
                                                  Marc A. Fenster, SBN 181067
                                                  Email: mfenster@raklaw.com
                                                  Neil A. Rubin, SBN 250761
                                                  Email: nrubin@raklaw.com
                                                  Christian W. Conkle, SBN 306374
                                                  Email: cconkle@raklaw.com
                                                  Jonathan Ma, SBN 312773
                                                  Email: jma@raklaw.com
                                                  12424 Wilshire Boulevard, 12th Floor
                                                  Los Angeles, California 90025
                                                  Telephone: (310) 826-7474
                                                  Facsimile: (310) 826-6991

                                                  Qi (Peter) Tong
                                                  TX SBN 24119042
                                                  Email: ptong@raklaw.com
                                                  4925 Greenville Avenue, Suite 200
                                                  Dallas, TX 75206
                                                  Telephone: (310) 826-7474
                                                  Facsimile: (310) 826-6991

                                                  *Attorneys for Plaintiff Redstone Logics LLC*

## CERTIFICATE OF SERVICE

I certify that on July 22, 2024, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

<i>/s/     Christian W. Conkle</i><br>
Christian W. Conkle