**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

**REDSTONE LOGICS LLC,**

    **Plaintiff,**

v.

**NXP SEMICONDUCTORS N.V., NXP B.V.,**      **NO. 7:24-cv-00028-DC-DTG**
**AND NXP USA, INC.**

    **Defendants.**

**DEFENDANT NXP USA INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM**

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A. Redstone's Direct Infringement Allegations as to PLLs
       Are Not Plausibly Pled ................................................................................2

       1. The Opposition is premised on an unwarranted supposition that
          NXP's accused products implement ARM's big.LITTLE architecture...... 2

       2. The case law does not countenance Redstone's factual leap made in
          alleging infringement ................................................................................ 5

    B. Redstone's Threadbare Induced Infringement Allegations Lack Specificity
       and Fall Short of the Standard It Advocates ......................................................6

III. CONCLUSION..................................................................................................... 8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ak Meeting IP LLC v. Zoho Corp.*,
  No. 1:22-CV-1165-LY-DH, 2023 U.S. Dist. LEXIS 19142 (W.D. Tex. Feb. 6, 2023) ................................................................................................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................................1, 3, 4, 6

*BillJCo, LLC v. Apple Inc.*,
  583 F. Supp. 3d 769 (W.D. Tex. 2022)..................................................................................2, 7

*CTD Networks LLC v. Microsoft Corp.*,
  No. W-22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010 (W.D. Tex. Aug. 22, 2023) ...................................................................................................................................5

*Golden v. Apple Inc.*,
  819 F. App'x 930 (Fed. Cir. 2020) ...........................................................................................6

*LifeNet Health v. LifeCell Corp.*,
  837 F.3d 1316 (Fed. Cir. 2016).................................................................................................5

*Marion Diagnostic Ctr., LLC v. McKesson Corp.*,
  386 F. Supp. 3d 477 (E.D. Pa. 2019) ....................................................................................3, 6

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
  No. 6:20-cv-8876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ..................................6

*United States ex rel. Steury v. Cardinal Health Inc.*,
  735 F.3d 202 (5th Cir. 2013) ................................................................................................3, 6

*Vervain, LLC v. Micron Tech., Inc.*,
  6:21-cv-487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022)..................................................4

**Rules and Statutes**

Federal Rule of Civil Procedure 12(b)(6) .......................................................................................4, 8

I.   **INTRODUCTION**

Redstone's[1] Opposition to NXP's Renewed Motion to Dismiss (Dkt. 23, "Opposition") doubles down on the deficiencies of the Amended Complaint (Dkt. 18) detailed in NXP's Renewed Motion to Dismiss (Dkt. 19, "Motion").  Like the Amended Complaint, the Opposition relies heavily on ARM documentation for products that are not accused in this case, and it conflates what is "plausible" with what is merely "possible" in contending that NXP's i.MX 8 Family of Application Processors ("Accused i.MX 8 Products") contain first and second PLLs that meet the limitations of Claim 1 of the '339 Patent.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for ***more than a sheer possibility*** that a defendant has acted unlawfully." (emphasis added)).

Rather than provide the details of any engineering, teardown, or other testing performed during pre-filing diligence to ascertain whether the Accused i.MX 8 Products plausibly include the claimed PLLs, the allegations in Redstone's Amended Complaint are mere supposition, dependent upon third party documentation describing a distinct ARM product that is not—contrary to Redstone's contention—"an earlier, related device."  Motion at 9; Dkt. 18-2 at 6, 12.  Redstone has not pled facts that plausibly demonstrate that NXP's Accused i.MX 8 Products include the requisite first and second PLLs with "independent" clock signals, and respectfully should be dismissed.  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal,* 556 U.S. at 678-79.

Redstone's generic and threadbare allegations of induced infringement fare no better.  Redstone's Opposition ignores the case law NXP raised in the Motion, and instead selectively

---

[1] As used herein, "Redstone" refers to Plaintiff Redstone Logics LLC's, and "NXP" refers to Defendant NXP USA, Inc.  Prior Defendants NXP Semiconductors N.V. and NXP B.V. were previously dismissed.  Dkt. 15.

quotes from the *BillJCo* decision, where the Court declined to dismiss post-suit induced infringement. However, Redstone's argument in Opposition omits that the *BillJCo* plaintiff did in fact provide additional specificity that is wholly lacking here. Redstone's insufficient induced infringement claim should likewise be dismissed.

**II.   ARGUMENT**

    **A.   Redstone's Direct Infringement Allegations as to PLLs Are Not Plausibly Pled**

        *1.   The Opposition is premised on an unwarranted supposition that NXP's accused products implement ARM's big.LITTLE architecture*

Redstone's argument that Defendant's "demand for direct, documentary evidence of direct infringement at the pleading stage lacks any foundation in law or fact" is a red herring. What NXP showed and Redstone does not contest is the absence of direct factual evidence that plausibly suggests the Accused i.MX 8 Produced include the claimed PLLs. Instead, Redstone's Opposition (1) builds from the false premise that the Accused i.MX 8 Products implement ARM's big.LITTLE chip architecture simply because "Defendants' Motion does not challenge the allegations that Defendants use . . . ARM's big.LITTLE architecture," (Opposition at 3), followed by (2) the false inference that that documentation describing third party ARM's implementation of that architecture somehow describes the distinct architecture of NXP's Accused i.MX 8 Products.

There was no reason for NXP's Motion to challenge Redstone's apparent contention that the Accused i.MX 8 Products implement ARM's big.LITTLE architecture because, even accepting that statement as true, Redstone impermissibly concludes documentation for the ARM Daughterboard—***an ARM product that is not accused***—describes the structure of NXP's Accused i.MX 8 Products. *See* Motion at 8-10.

Regardless, as explained in NXP's Motion, the Amended Complaint includes excerpts from NXP documentation depicting the Accused i.MX 8 Products as including multiple ARM

2

cores. Motion at 3-4. From this, Redstone **leaps to the conclusion** that the accused products "implement[] ARM's 'big.LITTLE' processor architecture, with two 'clusters' of processors" and specific "clock architecture" that includes "an independent clock." Opposition at 1, 3, 4. But, this is **mere speculation** ungrounded in any factual evidence tied to the Accused i.MX 8 Products or any pre-suit testing/reverse engineering done by Redstone. *See* Motion at 10-11 (citing *United States ex rel. Steury v. Cardinal Health Inc.*, 735 F.3d 202, 204 (5th Cir. 2013) (noting a plausible claim "rises above mere speculation"); *Marion Diagnostic Ctr., LLC v. McKesson Corp.*, 386 F. Supp. 3d 477, 482 (E.D. Pa. 2019) (noting "allegations that stand on nothing more than supposition" are insufficient)); *see also Iqbal*, 556 U.S. at 678 ("The plausibility standard . . . asks for more than a sheer possibility.").

Redstone proceeds to speculate that its conclusion that NXP uses ARM's proprietary big.LITTLE architecture means NXP implements PLLs with independent clocks in the Accused i.MX 8 Products because the ARM Daughterboard product did so. *See* Motion at 8-10; Opposition at 4. Indeed, as described in the Opposition, Redstone's infringement argument apparently amounts to no more than:

1.) NXP's documentation shows that the Accused i.MX 8 Products contain multiple ARM cores;

2.) Because NXP's accused products are alleged to have multiple ARM cores, these products must use ARM's proprietary big.LITTLE chip architecture;

3.) Because the accused products are alleged to use ARM's big.LITTLE chip architecture, they necessarily include independently clocked first and second PLLs implemented in the precise and specific manner specified in the ARM Daughterboard documentation.

Redstone piles speculation on top of speculation, but its arguments collapse to: **because NXP documentation depicts NXP's Accused i.MX 8 Products as including multiple ARM cores, these accused products have first and second PLLs with independent clocks**—this is a logical fallacy

that cannot support a plausible charge of infringement.[2]

Redstone separately contends that its conclusion regarding NXP's purported use of independent PLLs is "an inference based on the contemporary industry use of PLLs." Opposition at 5. However, rather than making it plausible that NXP's Accused i.MX Processors include multiple PLLs, each configured in the precise manner needed for infringement, Redstone's bare allegation of "contemporary industry use" without any support emphasizes that its infringement case hinges on nothing more than speculation and supposition. *See e.g.*, Dkt. 18-2 at 78 (contending without any factual support that "it was typical to produce this clock using a PLL that has a corresponding clock input"); *see also Iqbal*, 556 U.S. 662, 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). And, the Opposition's "contemporary industry use" argument is contradicted by the '339 Patent's prosecution history, in which Redstone's predecessor relied upon the addition of PLLs in a specific configuration to secure allowability. *See* Ex. A (containing annotated excerpts from the prosecution history of the '339 Patent submitted on Nov. 29, 2012) (available from the "Documents and Transactions" tab at: https://patentcenter.uspto.gov/applications/12713220).[3]

---

[2] Even if Redstone could properly rely on documentation for a non-accused product of a third party to plausibly allege infringement—which it cannot—Redstone glosses over the fact that the processor cores in the ARM Daughterboard are different from the ARM cores alleged to be present in the Accused i.MX 8 Products, further underscoring the implausibility of Redstone's allegations as to the Accused i.MX 8 Products and their actual cores. *See* Motion at n.4.

[3] "Courts may take judicial notice of government records, like prosecution history available on the U.S. Patent & Trademark Office's Public PAIR site, even when resolving a Rule 12(b)(6) motion." *Vervain, LLC v. Micron Tech., Inc.*, 6:21-cv-487-ADA, 2022 WL 23469, at *5 n.2 (W.D. Tex. Jan. 3, 2022).

Redstone's allegations as to the claimed first and second PLLs fail *Iqbal/Twombly* scrutiny and the Amended Complaint should be dismissed.[4]

### 2. The case law does not countenance Redstone's factual leap made in alleging infringement

Redstone's Opposition concedes that the ARM Daughterboard is not a component of the Accused i.MX 8 Product, but rather it was included in the Amended Complaint as "corroborating, circumstantial evidence." Opposition at 4. From this, Redstone contends that the cases in NXP's Motion regarding "mixing-and-matching" of products when alleging infringement are inapposite—not so. *See id.* at 5; *see also* Motion at 7, 8 (citing *CTD Networks* and *Ak Meeting IP*). Both *CTD Networks* and *Ak Meeting IP* stand for the proposition that pleading infringement requires plausibly showing **all elements of the asserted claim are found within the single accused product**. *See CTD Networks LLC v. Microsoft Corp.*, No. W-22-CV-01049-XR, 2023 U.S. Dist. LEXIS 147010, at *12 (W.D. Tex. Aug. 22, 2023) ("Direct infringement 'requires that each and every limitation set forth in a claim appear in an accused product.'" (quoting *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016))); *Ak Meeting IP LLC v. Zoho Corp.*, No. 1:22-CV-1165-LY-DH, 2023 U.S. Dist. LEXIS 19142, at *8-9 (W.D. Tex. Feb. 6, 2023) ("To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." (cleaned up)). Neither of these cases suggest that a plaintiff may rely upon the description of a product manufactured by a third party for purposes of meeting its burden with respect to a party's accused product.

Here, as noted above, Redstone layers speculation on top of unjustified inference to contend that the Accused i.MX 8 Products include PLLs that meet all relevant limitations of

---

[4] As noted in the Motion, there can be no indirect infringement absent direct infringement. Motion at 11.

Claim 1 of the '339 Patent.  But "speculation," "supposition," and "possibility" cannot satisfy Redstone's pleading burden.  *See* Motion at 10-11 (citing *Steury*, 735 F.3d at 204 (finding "mere speculation" insufficient); *Marion Diagnostic Ctr*, 386 F. Supp. 3d at 486 (dismissing allegations based on "impermissible supposition")); *see also Iqbal*, 556 U.S. at 678 (requiring "more than a sheer possibility").

In an effort to distinguish the cases identified in NXP's motion regarding pleading a cause of action based on speculation alone—*Steury* and *Marion Diagnostic*—Redstone notes that they relate to the False Claims Act and Sherman Act, instead of patent litigation.  Opposition at 5.  That may be, but the *Iqbal/Twombly* plausibility pleading standard remains the same—infringement is not properly pled when based on speculation or possibility of infringement.  *See Golden v. Apple Inc.*, 819 F. App'x 930, 930 (Fed. Cir. 2020) (noting "[a]llegations of direct infringement are subject to" the *Iqbal / Twombly* pleading standard).  And, notably, Redstone never contends that *Steury* and *Marion Diagnostic* are inapplicable to patent cases.

Redstone's Opposition fails in its attempts to distinguish the cases cited in NXP's Motion. Because the Amended Complaint relies upon layers of speculation and possibility to allege that the Accused i.MX 8 Processors include the independently clocked first and second PLLs of Claim 1, the Amended Complaint must be dismissed for failure to plausibly allege infringement.

### B. Redstone's Threadbare Induced Infringement Allegations Lack Specificity and Fall Short of the Standard It Advocates

As noted in the Motion, Redstone's threadbare allegation of induced infringement does not sufficiently plead NXP's specific intent to infringe.  Motion at 11-14; *see Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-cv-8876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (explaining that "there must be facts alleging a specific intent to induce the direct infringer" to adequately plead a claim of induced infringement).

6

The Opposition does not address any authority raised in the Motion,[5] nor does it appear to dispute that Redstone "alleges only *generally* that certain NXP marketing activities induce infringement," or that "Redstone never identifies any *specific* marketing material or activity." Motion at 12 (emphases in original). Instead, Redstone contends that its generic pleading is proper because its allegations are "similar to the allegations in *BillJCo*, which the Court ruled were sufficient." Opposition at 6. But, the Opposition selectively quotes only the generic allegations from *BillJCo*, and omits the plaintiff's specificity, quoting:

> Apple takes specific steps to actively induce others—such as, for example customers, application developers, and third-party manufacturers—to access, use, and develop programs and applications for the Accused Instrumentalities and intentionally instructs infringing use through training videos, demonstrations, brochures, installation and user guides . . . .

*Id.* (quoting *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 780 (W.D. Tex. 2022)). However, the very next sentence in the Court's *BillJCo* opinion indicates that the plaintiff did not stop with generic statements—like Redstone—but instead "[i]t then *offer[ed] exemplary guides* from 'Apple Developer,' the website Apple maintains to help developers develop software. . . " *BillJCo*, 583 F. Supp. 3d at 780 (emphasis added).

Here, Redstone has not identified any "exemplary guides" or other exemplary document that would enable NXP to understand and investigate the allegations of specific intent underlying Redstone's inducement charge.

Redstone's generic and threadbare allegations as to NXP's inducement are insufficient, and its charge of induced infringement should be dismissed.

---

[5] The Opposition does concede that Redstone is not seeking pre-suit damages for NXP's alleged induced infringement, as Section IV of the Opposition addresses only "Post-Suit Induced Infringement." Opposition at 6.

7

## III. CONCLUSION

The Amended Complaint is premised upon unwarranted speculation and generic allegations. For the foregoing reasons, NXP respectfully requests that the Court grant its motion and dismiss Plaintiff's claims for direct and induced infringement of the Asserted Patent under Rule 12(b)(6).

Respectfully submitted,

Dated: July 29, 2024            **NORTON ROSE FULBRIGHT US LLP**

By: */s/ Eric C. Green*

Richard S. Zembek
Texas State Bar No. 00797726
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
richard.zembek@nortonrosefulbright.com
Tel: (713) 651-5151
Fax: (713) 651-5246

Eric C. Green
Texas State Bar No. 24069824
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
eric.green@nortonrosefulbright.com
Tel: (512) 536-3094
Fax: (512) 536-4598

COUNSEL FOR DEFENDANT NXP USA, INC

## CERTIFICATE OF SERVICE

I certify that on July 29, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Eric C. Green*
Eric C. Green