IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>        Plaintiff,<br>v.<br><br>NXP SEMICONDUCTORS N.V., NXP B.V., and NXP USA, Inc.<br><br>        Defendants. | Case No.  7:24-cv-00028-DC-DTG |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

Pursuant to the Court's July 16, 2024 Order Setting Initial Pretrial Conference, Plaintiff Redstone Logics LLC and Defendant NXP USA, Inc.[1] submit their Joint Discovery/Case Management Plan.

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

No outstanding issues exist regarding jurisdiction.

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

3. **What are the causes of action, defenses, and counterclaims pled?**

Plaintiff accuses Defendants of infringing U.S. Patent 8,549,339.

---

[1] The parties stipulated to dismissal of NXP Semiconductors N.V. and NXP B.V.

1

Defendant has not yet answered but has a pending Renewed Motion to Dismiss.  Dkt. 19.  In its Renewed Motion to Dismiss, Defendant moves under 12(b)(6) for dismissal of direct and indirect infringement.  Defendant also denies that it infringes any valid and enforceable claim of the patent-in-suit, U.S. Patent 8,549,339, the asserted claims of which Defendant contends are invalid.  Defendant reserves the right to supplement at the appropriate time.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties have not yet stipulated to any facts.  The parties will negotiate in good faith to determine if any factual issues may be resolved and/or stipulated that streamline the case.

5. **State the parties' view and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

For 26(f)(3)(A), the parties do not currently anticipate any necessary changes in the form or requirement for initial disclosures, subject to the timing set forth in the Court's forthcoming Scheduling Order.

For 26(f)(3)(B) and (E), the parties expect that discovery will be conducted as described in the Order Governing Patent Proceedings.  Further, the parties generally anticipate discovery is needed on the following subjects: (i) infringement/non-infringement, *e.g.*, technical operation of the Accused Product; (ii) state of the art at the time of the invention(s); (iii) prior art to the patents-in-suit and invalidity; (iv) marketing of the Accused Product; (v) damages, *e.g.*, relevant data for the Accused Product and the patent-in-suit; (vi) licensing of the patent-in-suit and comparable license agreements; (vii) the patent-in-suit, as well as the filing and prosecution of the application that led to the patent-in-suit and any related patents; (viii) the scope and proper construction of the asserted claims of the patent-in-suit; (ix) Defendant's defenses and counterclaims.

For 26(f)(3)(C), the parties expect that ESI discovery (including emails) will be governed by the Order Governing Patent Proceedings.

For 26(f)(3)(D), the parties agree that discovery created after the filing of this case need not be logged for privilege.  Further, the parties agree that communications with their experts are not discoverable and neither are draft expert reports.

For 26(f)(3)(F), the parties believe a protective order is required, and they will work in good faith regarding the preparation of a draft order for the Court's consideration.

**6.  What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has been completed yet.  The parties expect discovery to proceed as described in the Order Governing Patent Proceedings.

**7.  What, if any, discovery disputes exist?**

Defendant requested that Redstone produce the invalidity contentions pertaining to U.S. Patent 8,549,339 that it received in the related case *Redstone Logics LLC v. Samsung Electronics Co., Ltd. et al*, 2-23-cv-00485 (EDTX) by no later than the date that Redstone serves its infringement contentions in this case, which has now passed.  As Redstone recently received these contentions in related litigation, Defendant believes this is a narrowly tailored request for a single pleading and exhibits thereto that promotes efficiency and reduces the likelihood of potential future disputes related to the amendment of invalidity contentions to address prior art that Samsung identified.  Redstone's proposal below that conditions its production of Samsung's invalidity contentions on NXP's early production of technical and sales-related materials is not proportional and upsets the discovery balance inherent in the Court's model schedule, which requires production of certain technical documents with NXP's invalidity contentions.  Also, as outlined in

NXP's pending motion to dismiss, Dkt. 19, it is NXP's position that deficiencies with Redstone's complaint, including reliance on ARM product documents instead of NXP product documents, hamper NXP's ability to understand what is accused of infringing and how it allegedly infringes, further frustrating the early production sought by Redstone.

Redstone objects that any early discovery should be mutual, and one-sided requests for early discovery is unfair and stayed except by agreement or "where exceptional circumstances warrant it." OGP 4.4 § III.  Samsung's service of invalidity contentions with 51 attachments is routine, not exceptional. Redstone is amenable to mutually opening general discovery now on all topics. Alternatively, Redstone proposes that it will provide an early copy of Samsung's invalidity contentions, but that Defendants should similarly provide materials that it has readily available, including their accounting statements for the accused products and technical documents describing the accused products. Contrary to NXP's suggestion, the OGP explicitly "encourages the parties to exchange license and sales information" during the pre-*Markman* phase of the case. OGP 4.4 at 3 n.2.

8. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties agree that inadvertent disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The parties will include provisions to this effect in the proposed protective order that they anticipate submitting to the Court.

9. **Have the parties discussed early mediation?**

No.

**10. Submission of a Proposed Schedule**

The parties met and conferred on a proposed schedule for this case and the related case *Redstone Logics LLC v. MediaTek, Inc. and MediaTek USA, Inc.*, No. 7:24-cv-00029-DC-DTG.

| | |
|---|---|
| Dated: August 19, 2024 | Respectfully submitted, |
| By: */s/ Peter Tong* | **NORTON ROSE FULBRIGHT US LLP** |
| **RUSS AUGUST & KABAT** | By: */s/ Richard S. Zembek* |
| Reza Mirzaie, SBN 246953<br>Email: rmirzaie@raklaw.com<br>Marc A. Fenster, SBN 181067<br>Email: mfenster@raklaw.com<br>Neil A. Rubin, SBN 250761<br>Email: nrubin@raklaw.com<br>Christian W. Conkle, SBN 306374<br>Email: cconkle@raklaw.com<br>Jonathan Ma, SBN 312773<br>Email: jma@raklaw.com | Richard S. Zembek<br>Texas State Bar No. 00797726<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095<br>richard.zembek@nortonrosefulbright.com<br>Tel: (713) 651-5151<br>Fax: (713) 651-5246 |
| 12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, California 90025<br>Telephone: (310) 826-7474<br>Facsimile: (310) 826-6991 | Eric C. Green<br>Texas State Bar No. 24069824<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701-4255<br>eric.green@nortonrosefulbright.com<br>Tel: (512) 536-3094<br>Fax: (512) 536-4598 |
| Qi (Peter) Tong<br>TX SBN 24119042<br>Email: ptong@raklaw.com | COUNSEL FOR DEFENDANT NXP USA, INC. |
| 4925 Greenville Avenue, Suite 200<br>Dallas, TX 75206<br>Telephone: (310) 826-7474<br>Facsimile: (310) 826-6991 | |
| *Attorneys for Plaintiff Redstone Logics LLC* | |

## **CERTIFICATE OF SERVICE**

I certify that on August 19, 2024, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

/s/ Peter Tong

## **CERTIFICATE OF CONFERENCE**

I certify that counsel for Plaintiff conferred with counsel for Defendants regarding the subject of this filing, and these contents are agreed.

/s/ Peter Tong