IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **REDSTONE LOGICS LLC,** | § | |
| *Plaintiff,* | § § § | 7:24-CV-28-DC-DTG |
| v. | § § | |
| **NXP SEMICONDUCTORS N.V., NXP B.V., and NXP USA, INC.,** | § § § | |
| *Defendants.* | § | |

## ORDER ON AUGUST 22, 2024, DISCOVERY DISPUTE

The Court enters this Order to memorialize its ruling at the August 22, 2024, Initial Pretrial Conference. At the Initial Pretrial Conference, the Court heard oral argument on the discovery dispute summarized in the following chart:

| Defendant's Position | Plaintiff's Position |
|---|---|
| Defendant requested that Redstone produce the invalidity contentions pertaining to U.S. Patent 8,549,339 that it received in the related case *Redstone Logics LLC v. Samsung Electronics Co., ltd. Et al*, 2-23-cv-00485 (EDTX) by no later than the date that Redstone serves its infringement contentions in this case, which has now passed. As Redstone recently received these contentions in related litigation, Defendant believes this is a narrowly tailored request for a single pleading and exhibits thereto that promotes efficiency and reduces the likelihood of potential future disputes related to the amendment of invalidity contentions to address prior art that Samsung identified. Redstone's proposal below that conditions its production of Samsung's invalidity contentions on NXP's early production of technical and sales-related materials is not proportional and upsets the discovery balance inherent in the Court's model schedule, which requires productions of certain technical documents with NXP's invalidity contentions. Also, as outlined in NXP's pending motion to dismiss, Dkt. 19, it | Redstone objects that any early discovery should be mutual, and one-sided requests for early discovery is unfair and stayed except by agreement or "where exceptional circumstances warrant it." OGP 4.4 § III. Samsung's service of invalidity contentions with 51 attachments is routine, not exceptional. Redstone is amenable to mutually opening general discovery now on all topics. Alternatively, Redstone proposes that it will provide an early copy of Samsung's invalidity contentions, but that Defendants should similarly provide materials that it has readily available, including their accounting statements for the accused products and technical documents describing the accused products. Contrary to NXP's suggestion, the OGP explicitly "encourages the parties to exchange license and sales information" during the pre-*Markman* phase of the case. OGP 4.4 at 3 n.2. |

1

| | |
|---|---|
| is NXP's position that deficiencies with Redstone's complaint, including reliance on ARM product documents instead of NXP product documents, hamper NXP's ability to understand what is accused of infringing and how it allegedly infringes, further frustrating the early production sought by Redstone. | |

As this case was filed in the Midland Division, there is some confusion over which standing order governs this case. The Parties cite to the "OGP 4.4," referring to Judge Albright's January 23, 2024, Standing Order Governing Patent Proceedings (OGP) 4.4—Patent Cases, which governs patent cases before Judge Albright and Judge Gilliland. This case, however, is assigned to Judge Counts who has an August 2, 2022, Standing Order Governing Patent Proceedings. As this case is pending before Judge Counts, the Parties are directed to follow Judge Count's August 2, 2022, Standing Order Governing Patent Proceedings.

Judge Counts's Standing Order Governing Patent Proceedings provides a general stay of pre-*Markman* discovery with limited exceptions. *See* § II. Where there is no agreement of the Parties, and the Parties do not seek venue, jurisdictional, or claim-construction-related discovery, only "exceptional circumstances" warrant pre-*Markman* discovery. *Id.* After reviewing the dispute and hearing oral argument, the Court finds that there are no exceptional circumstances here which warrant the requested pre-*Markman* discovery. Accordingly, the Court **DENIES** all requested relief.

**SO ORDERED.**

**SIGNED** this 23rd day of August, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE