IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> NXP USA, INC., § <br> § <br> *Defendant*. § <br> § <br> § | Case. No. 7:24-CV-00028-ADA-DTG |

**DEFENDANT NXP USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF REDSTONE LOGICS LLC'S FIRST AMENDED COMPLAINT**

Defendant NXP USA, Inc. ("NXP USA")[1] responds to Plaintiff Redstone Logics LLC's ("Redstone") First Amended Complaint for Patent Infringement ("FAC") as follows:

NXP USA denies infringement of any asserted claim of U.S. Patent No. 8,549,339 (the "'339 patent" or the "Asserted Patent"). NXP USA also denies that Redstone is entitled to its requested relief, or any other relief related to its allegations in the FAC. NXP USA further denies each and every allegation contained in the FAC unless expressly admitted in the following paragraphs. Any admitted factual allegation in the FAC is admitted only as to the specific admitted fact(s), and not as to any purported conclusion, characterization, implication, or speculation that may follow from the fact(s) as admitted.

---

[1] The parties filed a Stipulation of Dismissal Without Prejudice of Defendants NXP Semiconductors N.V. and NXP B.V. (Dkt. 14) and the Court has issued an Order acknowledging the stipulated dismissal (Dkt. 15). Thus, the remaining defendant is NXP USA, Inc.

## The Parties

1. Plaintiff Redstone Logics LLC is a limited liability company organized under the laws of the State of Texas, with an address at 2150 S. Central Expressway, Suite 200, McKinney, TX 75070.

ANSWER: NXP USA is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 1, and therefore denies the allegations in Paragraph 1.

2. On information and belief, Defendant NXP Semiconductors N.V. is a company organized and existing under the laws of the Netherlands, having a place of business at High Tech Campus 60, 5656 AG, Eindhoven, the Netherlands

ANSWER: The allegations of Paragraph 2 of the FAC are not directed to NXP USA. The parties filed a Stipulation of Dismissal of Defendant NXP Semiconductors N.V. (Dkt. 14) and the Court has issued an Order acknowledging the stipulated dismissal (Dkt. 15). Therefore, no response is required by NXP USA.

3. Defendant NXP B.V. is a company organized and existing under the laws of the Netherlands, having a place of business at High Tech Campus 60, 5656 AG Eindhoven, the Netherlands. NXP B.V. is a wholly-owned and wholly-controlled subsidiary of NXP Semiconductors N.V.

ANSWER: The allegations of Paragraph 3 of the FAC are not directed to NXP USA. The parties filed a Stipulation of Dismissal of Defendant NXP B.V. (Dkt. 14) and the Court has issued an Order acknowledging the stipulated dismissal (Dkt. 15). Therefore, no response is required by NXP USA.

4. Defendant NXP USA, Inc. is a corporation organized under the laws of Delaware, having a place of business at 6501 William Cannon Drive West, Austin, TX 78735. NXP USA, Inc. can be served through its registered agent, CSC-Lawyers Incorporating Service Company, 211 E. 7th Street Suite 620 Austin, TX 78701. On information and belief, NXP USA, Inc. is a wholly-owned and wholly-controlled subsidiary of NXP Semiconductors N.V. NXP Semiconductors N.V., NXP B.V., and NXP USA, Inc. are collectively referred to herein as "Defendant" or "Defendants."

ANSWER: NXP USA admits that it is a Delaware corporation with its principal place of business located at 6501 W. William Cannon Drive, Austin, TX 78735 and that it is an

indirect subsidiary of NXP Semiconductors N.V. Solely for purpose of this action, NXP USA does not contest that it can be served through CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. NXP USA denies any remaining allegations in Paragraph 4 of the FAC.

## Jurisdiction and Venue

**5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).**

ANSWER: NXP USA admits that the FAC purports to set forth a cause of action arising under the patent laws of the United States, Title 35 of the United States Code. NXP USA admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a). NXP USA denies the remaining allegations of Paragraph 5 of the FAC.

**6. This Court has personal jurisdiction over Defendants in this action because Defendants have established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants have purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendants have committed and continue to commit acts of infringement in this District by, among other things, importing offering to sell, and selling products that infringe the Asserted Patent. Defendants, directly and through subsidiaries, intermediaries, and third parties, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent.**

ANSWER: Solely for the purpose of this action, and without admitting that personal jurisdiction is proper here, NXP USA does not contest this Court's personal jurisdiction over NXP USA in this action. NXP USA admits that it has customers and distributors within the United States. NXP USA denies the remaining allegations of Paragraph 6 of the FAC, including any allegation that it has committed or continues to commit acts of infringement in this District or elsewhere.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants NXP Semiconductors N.V. and NXP B.V. are both foreign corporations. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3). Defendant NXP USA, Inc. has a regular and established place of business in this District at its headquarters at 6501 William Cannon Dr. West, Austin, Texas 78735.

> ANSWER: Solely for the purpose of this action, and without admitting that venue is proper, NXP USA does not contest venue in the Western District of Texas for NXP USA in this action, but denies that it is convenient, particularly in this division, and reserves its right to move for transfer under 28 U.S.C. § 1404. Some allegations of Paragraph 7 of the FAC are not directed to NXP USA. Therefore, no response is required for these allegations. NXP USA admits that it has a regular and established place of business in the Western District of Texas. NXP USA denies the remaining allegations of Paragraph 7 of the FAC, including any allegation that it has committed acts of infringement in the Western District of Texas.

**Count 1: Infringement of U.S. Patent No. 8,549,339**

8. Redstone incorporates by reference each of the allegations in the foregoing paragraphs and further alleges as follows:

> ANSWER: NXP USA restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 7 of the FAC, as if fully set forth herein. To the extent a further response to this paragraph is required, denied.

9. Redstone is the owner of U.S. Patent No. 8,549,339 entitled "Processor core communication in multi-core processor," which issued on October 1, 2013. A copy of the '339 Patent is attached to this complaint as Exhibit 1.

> ANSWER: NXP USA admits that the '339 patent states on its face that it is titled "Processor Core Communication In Multi-Core Processor" and that it issued on October 1, 2013. NXP USA admits that the FAC purports to attach a copy of the '339 patent as Exhibit 1. NXP USA is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 9 of the FAC and therefore denies the allegations.

**10.  On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including comprising two or more sets of processors supporting or based on the ARM big.LITTLE architecture, including without limitation the NXP i.MX 8 Family Application Processors, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '339 Patent.**

ANSWER: NXP USA admits that i.MX 8 Family Application Processors are NXP USA products.  NXP USA denies that any of its products infringe any claim of the '339 patent and/or that it has committed any acts of infringement.  The remaining allegations of Paragraph 10 of the FAC are vague, ambiguous, and uncertain, and therefore NXP USA denies the allegations.

**11. Defendants also knowingly and intentionally induce infringement of one or more claims of the '339 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendants have had knowledge of the '339 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '339 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '339 Patent. Furthermore, Defendants offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '339 Patent, thereby specifically intending for and inducing their customers to infringe the '339 Patent through the customers' normal and customary use of the Accused Instrumentalities.**

ANSWER: NXP USA denies the allegations of Paragraph 11 of the FAC.

**12. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '339 Patent. A claim chart comparing independent claim 1 of the '339 Patent to representative Accused Instrumentalities is attached as Exhibit 2 and incorporated by reference herein.**

ANSWER: NXP USA denies that any of its products infringe any claim of the '339 patent.

NXP USA admits that the FAC purports to attach a claim chart as Exhibit 2.  The remaining

allegations of Paragraph 12 of the FAC are vague, ambiguous, and uncertain, and therefore NXP USA denies the allegations.

**13. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '339 Patent pursuant to 35 U.S.C. § 271.**

ANSWER: NXP USA denies the allegations of Paragraph 13 of the FAC.

**14. As a result of Defendants' infringement of the '339 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.**

ANSWER: NXP USA denies the allegations of Paragraph 14 of the FAC.

## Jury Trial Demanded

**15. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Redstone requests a trial by jury of any issues so triable by right.**

ANSWER: Redstone's demand for a trial by jury does not require a response by NXP USA. To the extent that a response is required, NXP USA admits that Redstone has requested a trial by jury.

## RESPONSE TO REDSTONE'S PRAYER FOR RELIEF

NXP USA denies that Redstone is entitled to any relief from NXP USA, including but not limited to the relief sought in Paragraphs A through F in Redstone's Prayer for Relief.

## AFFIRMATIVE DEFENSES

NXP USA incorporates by reference as if fully set forth herein its responses to Paragraphs 1–15 of the FAC. Without assuming any burden other than that imposed by operation of law and without reducing or removing Redstone's burden of proof on its affirmative claims, NXP USA alleges and asserts the following defenses in response to the FAC and Redstone's assertion that NXP USA infringes the Asserted Patent, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In

addition, NXP USA specifically reserves the right to further amend its Answer to Redstone's FAC to add Separate Defenses and Counterclaims that become known through the course of discovery.

### First Affirmative Defense: (Non-Infringement)

1. NXP USA has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable, properly construed claim of the Asserted Patent; therefore, NXP USA is not liable for any infringement thereof.

### Second Affirmative Defense: (Invalidity)

2. The claims of the Asserted Patent are invalid because they fail to satisfy one or more requirements of patentability under Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto. NXP USA incorporates by references its preliminary and forthcoming final invalidity contentions and its IPR petition in *NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et al v. Redstone Logics LLC*, IPR2025-00485 (PTAB) as if set forth fully herein.

### Third Affirmative Defense: (Failure to State a Claim)

3. The FAC fails to plead a plausible claim upon which relief may be granted and/or fails to plead factual allegations with sufficiency and particularity required to state a plausible claim.

### Fourth Affirmative Defense: (Prosecution History Estoppel/Disclaimer)

4. Redstone is estopped from construing any valid claim of the Asserted Patent to be infringed literally or under the doctrine of equivalents due to admissions or statements made by Redstone or its predecessors in prior litigation and/or to the U.S. Patent and Trademark Office, including (a) during prosecution of the Asserted Patent, (b) in the specification and claims of the

Asserted Patent, (c) during prosecution of patent applications related to the Asserted Patent, and (d) during prior or ongoing proceedings related to the Asserted Patent.

### Fifth Affirmative Defense: (Express or Implied License)

5. Redstone's claims of infringement of the Asserted Patent are barred, in whole or in part, based on express or implied license, including licenses to the Asserted Patent granted by Redstone's predecessor(s) in interest.

### Sixth Affirmative Defense: (Patent Exhaustion)

6. Redstone's claims of infringement of the Asserted Patent are barred, in whole or in part, by the doctrine of patent exhaustion.

### Seventh Affirmative Defense: (No Costs)

7. Redstone failed to disclaim the claims of the Asserted Patent that are invalid before commencement of suit and therefore may recover no costs.

### Eighth Affirmative Defense: (28 U.S.C. § 1498(a))

8. To the extent that Redstone may accuse products or services that are provided by or for the government of the United States of America, there is no jurisdiction over such claims, pursuant to 28 U.S.C. § 1498(a), outside of the U.S. Court of Federal Claims.

### Ninth Affirmative Defense: (Equitable Defenses)

9. Redstone's claims for relief are barred, in part or in whole, in equity, including by the doctrine of equitable estoppel.

### Tenth Affirmative Defense: (No Injunctive Relief)

10. Redstone is not entitled to injunctive relief for the Asserted Patent under *eBay v MercExchange, LLC*, 126 S. Ct. 1837, 547 U.S. 388 (2006) because, inter alia, any alleged injury

to Redstone is not immediate or irreparable, Redstone has an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## ORIGINAL COUNTERCLAIMS

1. NXP USA, Inc. is a Delaware corporation with its principal place of business located at 6501 William Cannon Drive, Austin, TX 78735.

2. Upon information and belief, and as alleged in its First Amended Complaint, Redstone Logics LLC ("Redstone") is a limited liability company organized under the laws of the State of Texas, with an address at 2150 S. Central Expressway, Suite 200, McKinney, TX 75070.

3. Redstone has filed a First Amended Complaint in this Court against NXP.

4. Redstone has alleged in its First Amended Complaint that it is the owner of U.S. Patent No. 8,549,339 (the "'339 Patent") entitled "Processor core communication in multi-core processor."(collectively the "Patents-in-Suit").

5. Redstone alleges in its First Amended Complaint that NXP has infringed the '339 Patent.

6. This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. § 1338(a), the Patent Laws of the United States, 35 U.S.C. § 100, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and this action is based upon an actual controversy between Redstone and NXP regarding the invalidity and non-infringement of the claims of the '339 Patent.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400.

8. Redstone has previously appeared in this lawsuit, is represented by counsel, and has submitted to the jurisdiction of this Court.

**FIRST COUNTERCLAIM: Declaratory Judgment of Non-Infringement**

9. To the extent not inconsistent, NXP USA incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

10. NXP USA's products do not directly or indirectly infringe, literally or under the doctrine of equivalents, any claim of the '339 Patent, including, without limitation, because NXP USA's Accused Instrumentalities do not contain a "first clock signal [that] is independent from the second clock signal," as required by all asserted claims, and NXP USA seeks a declaration to that effect.

**SECOND COUNTERCLAIM: Declaratory Judgment of Invalidity**

11. To the extent not inconsistent, NXP USA incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

12. The claims of the '339 Patent are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. §§ 101, 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions, and NXP USA seeks a declaration to that effect.

13. Prior art references that may anticipate and/or render obvious one or more claims of the '339 Patent include, but are not limited to references identified and/or relied upon in the invalidity contentions and petitions for *Inter Partes* Review served in this and one or more of the following related proceedings:

   a. *Redstone Logics LLC v. Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*, Case No. 2:23-cv-00485 (E.D. Tex.);

   b. *Redstone Logics LLC v. MediaTek, Inc. and MediaTek USA, Inc.*, Case No. 7:24-cv-00029 (W.D. Tex.); and

    c. *Redstone Logics LLC v. Qualcomm Inc. and Qualcomm Technologies, Inc.*, Case No. 7:24-cv-00231 (W.D. Tex.).

    d. *MediaTek, Inc. and MediaTek USA, Inc. v. Redstone Logics LLC*, IPR2025-00085 (P.T.A.B. Oct. 22, 2024);

    e. *Samsung Electronics Co., Ltd. v. Redstone Logics LLC*, IPR2024-00974 (P.T.A.B. May 29, 2024);

    f. *NXP USA, Inc. and Qualcomm Incorporated v. Redstone Logics LLC*, IPR2025-00485 (P.T.A.B. Jan. 22, 2025).

## NXP USA'S PRAYER FOR RELIEF

NXP USA, reserving its right to amend its pleadings to add additional defenses, affirmative defenses, and counterclaims if warranted by discovery, prays for the following relief:

    a.    A judgment that NXP USA has not infringed any claim of the '339 patent.

    b.    A judgment that the '339 patent is invalid.

    c.    A judgment that Redstone's FAC be dismissed with prejudice, and that Redstone take nothing by its Complaint.

    d.    A judgment in favor of NXP USA on each of its Counterclaims.

    e.    A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award to NXP USA of its reasonable attorneys' fees and costs of suit pursuant to 35 U.S.C. §§ 284, 285, and all other applicable statutes, rules, and common law.

    f.    An award to NXP USA of such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

NXP USA requests a jury trial for all triable issues in the Plaintiff's Complaint and NXP USA's Counterclaims to the extent allowed by the United States Constitution and the Federal Rules of Civil Procedure.

Dated: April 10, 2025

Respectfully submitted,

By: /s/ *Eric C. Green*

Richard S. Zembek (SBN 00797726)
richard.zembek@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax:   (713) 651-5246

Eric C. Green (SBN 24069824)
eric.green@nortonrosefulbright.com
Brett A. McKean (SBN 24057994)
brett.mckean@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Tel:   (512) 474-5201
Fax:   (512) 536-4598

*Counsel for Defendant NXP USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                                                                            */s/ Eric C. Green*